**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF ILLINOIS**
**Urbana Division**

| | |
|---|---|
| **WILLIE HALL,** ) | |
|                **Plaintiff,** ) | |
| **v.** ) | |
| ) | Case No. 06-2225 |
| **MICHAEL J. ASTRUE,** ) | |
| **COMMISSIONER OF SOCIAL** ) | |
| **SECURITY,** ) | |
|                **Defendant.** ) | |

# REPORT AND RECOMMENDATION

In January 2006, Administrative Law Judge (hereinafter "ALJ") John Wood denied disability insurance benefits and supplemental security income benefits to Plaintiff Willie Hall. The ALJ based his decision on findings that Plaintiff was not disabled within the meaning of the Social Security Act and he was capable of performing a significant number of jobs available in the national economy.

In December 2006, Plaintiff filed a Complaint (#5) against Defendant Michael Astrue, the Commissioner of Social Security, seeking judicial review of the final decision by the Regional Commissioner of the Social Security Administration denying disability insurance benefits. In May 2007, Plaintiff filed a Motion for Summary Judgment (#12) and in August 2007, Defendant filed a Motion for an Order Which Affirms the Commissioner's Decision (#16).

After reviewing the administrative record and the parties' memoranda, this Court recommended pursuant to its authority under 28 U.S.C. § 636(b)(1)(B), that Plaintiff's Motion for Summary Judgment (#12) be granted and the case remanded pursuant to sentence four of 42 U.S.C. § 405(g) for further consideration consistent with this report and recommendation.

Consistent with the Court's reasoning in the Report and Recommendation granting motion (#12), the Court now recommends, pursuant to its authority under 28 U.S.C. § 636(b)(1)(B), that Defendant's Motion for an Order Which Affirms the Commissioner's Decision **(#16)** be **DENIED**.

The parties are advised that any objection to this recommendation must be filed in writing with the Clerk within ten (10) working days after service of a copy of this recommendation.  *See* 28 U.S.C. 636(b)(1).  Failure to object will constitute a waiver of objections on appeal.  *Video Views, Inc. v. Studio 21, Ltd.,* 797 F.2d 538, 539 (7th Cir. 1986).

ENTER this 21st day of February, 2008.

> s/ DAVID G. BERNTHAL
> U.S. MAGISTRATE JUDGE