UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| WILLIE HALL, | ) | |
| | ) | |
| Plaintiff, | ) | 06-2225 |
| | ) | |
| v. | ) | |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| COMMISSIONER OF SOCIAL | ) | |
| SECURITY, | ) | |
| | ) | |
| Defendant. | ) | |

ORDER APPROVING MAGISTRATE RECOMMENDATION

Two recommendations in the above cause were filed by Magistrate Judge David G. Bernthal on February 21, 2008. Judge Bernthal recommended that the case be remanded for further consideration because the plaintiff's residual functional capacity ("RFC") assessment failed to account for all limitations imposed by the plaintiff's allergies. Consequently, the hypothetical questions posed by the Administrative Law Judge ("ALJ") were inadequate, which calls into question the reliability of the testimony of the Vocational Expert ("VE").

Both parties have filed objections to Judge Bernthal's recommendations. The plaintiff agrees that his case should be remanded. However, he argues that the scope of the remand should be more broad than recommended. The Commissioner objects to the recommendation, stating that the ALJ did not err in finding that Hall was not disabled or, alternatively, that any error was harmless.

I.  The Commissioner's objections

The Commissioner argues that the ALJ's hypothetical questions adequately account for the plaintiff's limitations. Where the hypotheticals "do not include all of the limitations supported by medical evidence in the record, the decision of the ALJ that a claimant can adjust to other work in the economy cannot stand." *Young v. Barnhart*, 362 F.3d 995, 1005 (7th Cir. 2004). In Hall's case, the ALJ told the VE, "I'm going to give you some hypothetical questions. Please disregard any information you may have gathered in the file, or listening to the testimony, other than that which I give you specifically in the hypothetical." The hypotheticals failed to include, without explanation, a sensitivity to topical and airborne irritants. Thus, the hypothetical questioning was inadequate.

The Commissioner argues that even if the hypothetical questioning was inadequate, the error was harmless because the VE identified jobs that are unlikely to expose Hall to topical or airborne irritants. The court is not inclined to adopt a "common sense understanding of the identified jobs"

as urged by the Commissioner[1] because the likelihood of exposure to certain topical and airborne irritants may rule out many of the jobs identified by the VE.  For example, if Hall's allergies are exacerbated by handling paper, he may be unable to perform office work or handle cash.  This determination belongs to the VE, not the court.

## II.  Hall's objections

Hall argues to expand the scope of the remand.  He contends that the ALJ should comply with Social Security Ruling ("SSR") 00-4p.  Hall implies that the ALJ did not comply with SSR 00-4p the first time around.  But it is Hall's error – not the ALJ's – that he wishes to correct on remand.

SSR 00-4p provides that an ALJ who takes testimony from a VE about the requirements of a particular job has an affirmative duty to determine whether that testimony is consistent with the Dictionary of Occupational Titles ("DOT").  *Prochaska v. Barnhart*, 454 F.3d 731, 735 (7th Cir. 2006). Hall contends that the VE departed from the DOT without explaining why, and misidentified the classifications of several jobs determined to be suitable for Hall.[2]  Hall asserts that the ALJ failed to obtain from the VE a reasonable explanation for the conflicting testimony about the DOT as required by SSR 00-4p.  But in Hall's case, the ALJ satisfied this duty by eliciting the VE's statement that his responses were consistent with the DOT.

The burden then shifted to Hall to show the inconsistencies through cross-examination.  Hall asked several questions in cross-examination, none of which challenged the VE's consistency with the DOT.  Judge Bernthal noted in his Report and Recommendation that Hall acknowledged the ALJ fulfilled his affirmative responsibility under SSR 00-4p.

The recommendation, if accepted by the court, does not allow Hall to correct his error on remand. The "law of the case doctrine" applies to administrative agency proceedings.  *Key v. Sullivan*, 925 F.2d 1056, 1060 (7th Cir. 1991).  The scope of a remand is determined by the express or implied decision of the court, which is binding upon all subsequent proceedings in the same case.  *See Key*, 925 F.2d at 1060-61 (discussing scope of remand in social security case).  Thus, Hall argues for a remand more broad in scope than that recommended by Judge Bernthal.  The court does not agree with Hall that the scope of the remand should be enlarged to allow Hall to cross-examine the VE as to the consistency of his testimony with the DOT, unless needed to clarify the VE's responses to new hypotheticals.[3]

---

[1] Def. Memorandum, d/e 21, at 3.

[2] The VE identified some jobs as (1) unskilled sedentary jobs that the DOT does not list as sedentary; or (2) unskilled light work that the DOT lists as semi-skilled light work.

[3] Hall cites *Lembke v. Barnhart*, 2006 WL 3834104, at *14-15 (W.D. Wis. Dec. 29, 2006), and *Peterson v. Chater*, 96 F.3d 1015 (7th Cir. 1996), to support his arguments.  Neither case is helpful to Hall.  The *Lembke* court concluded that once the ALJ fulfills his burden to elicit the required testimony from the VE, the plaintiff may uncover any inconsistencies through cross-examination.  *Lembke*, 2006 WL 3834104, at *14-15.  A VE's inconsistent testimony with

Magistrate Judge Bernthal has recommended a remand so the ALJ can ask the VE additional hypothetical questions concerning all of Hall's limitations, including his sensitivity to topical and airborne irritants. The answers to these new hypotheticals may, or may not, present Hall with the opportunity he seeks. On remand, Hall must limit his cross-examination about the DOT to the VE's responses to the new hypothetical questions. If, in response to those questions, the VE identifies new job titles and classifications that Hall can perform, Hall is free to cross-examine the VE about that testimony's consistency with the DOT. Hall is foreclosed from challenging the VE's *previous* testimony and its consistency with the DOT.

## CONCLUSION

The recommendations of the Magistrate Judge are accepted by the court. *See Video Views, Inc. v. Studio 21, Ltd.,* 797 F.2d 538 (7th Cir. 1986). The plaintiff's motion for summary judgment [#12] is granted. The defendant's motion for an order which affirms the Commissioner's decision [#16] is denied. This case is remanded to the Commissioner pursuant to 42 U.S.C. § 405(g), sentence four, for further proceedings consistent with the recommendation of the Magistrate Judge and this order. Remand pursuant to 42 U.S.C. § 405(g), sentence four, terminates the case. *Shalala v. Schaefer*, 509 U.S. 292, 299 (1993).

ENTERED this 19th day of March, 2008.

**s/Harold A. Baker**
_____
HAROLD A. BAKER
U.S. DISTRICT JUDGE

---

regard to the DOT must be identified at the hearing, not afterward. *See Jurcevic v. Astrue*, 515 F. Supp. 2d 869, 879 (N.D. Ill. 2007) ("The Seventh Circuit has made clear . . . that with respect to the DOT, the ALJ is not required to resolve discrepancies between the VE's testimony and the DOT unless the discrepancy was made known at the hearing.") (*citing Donahue v. Barnhart*, 279 F.3d 441, 446-47 (7th Cir. 2002)). *Peterson* is factually distinguishable as it dealt with the ALJ's conflicting factual findings based upon closed evidence. *See Peterson*, 96 F.3d 1015. In contrast, Hall seeks to reopen the evidence to show the existence of a conflict.