# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF ILLINOIS
## Urbana Division

| | |
|---|---|
| WILLIE HALL,                    ) | |
|             **Plaintiff,**   ) | |
| v.                              ) | |
|                                 ) | Case No. 06-2225 |
| MICHAEL J. ASTRUE,              ) | |
| COMMISSIONER OF SOCIAL          ) | |
| SECURITY,                       ) | |
|            **Defendant.**  ) | |

# REPORT AND RECOMMENDATION

Following the Court's Order (#23) granting Plaintiff's Motion for Summary Judgment and remanding the case to the Commissioner of Social Security, Plaintiff timely filed Plaintiff's Motion for Attorney Fees Under the Equal Access to Justice Act (#25). The motion is supported by a memorandum. Defendant filed Defendant's Response to Plaintiff's Motion for Attorney Fees Under the Equal Access to Justice Act (#27). Defendant does not dispute that Plaintiff is a prevailing party nor does he dispute that the fees requested are reasonable. However, Defendant asserts that his position is substantially justified and therefore, fees are not properly awarded.

28 U.S.C. § 2412(d)(1)(A) directs the award of attorney fees "unless the Court finds that the position of the United States was substantially justified . . . ." Here, the undersigned believes that the position of the United States was substantially justified and therefore, no award of fees is proper.

Both parties point to *Pierce v. Underwood*, 487 U.S. 552 (1988) for the definition of substantial justification. The Court must determine if the position taken by the Commissioner was justified to a degree that could satisfy a reasonable person.

The aforementioned Order (#23) adopted a Report and Recommendation (#19) that had been filed by the undersigned. It is clear from the record that the Court sided with Defendant's arguments as to some of the claims of error raised by Plaintiff. In siding with Plaintiff on the

ultimate decision, the Court merely disagreed with the position taken by the Defendant. Reasonable minds may differ as to a given issue. This case serves as an example.

Looking at the case as a whole, the Court is of the opinion that the position of the Defendant was substantially justified. Accordingly, Plaintiff is not entitled to recover fees. Therefore, it is my recommendation pursuant to authority conferred to me under 28 U.S.C. § 636(b)(1)(B) that Plaintiff's Motion for Attorney Fees Under the Equal Access to Justice Act **(#25)** be **DENIED**.

The parties are advised that any objection to this recommendation must be filed in writing with the Clerk within ten (10) working days after being served with a copy of this Report and
Recommendation. *See* 28 U.S.C. § 636(b)(1). Failure to object will constitute a waiver of objections on appeal. *Video Views, Inc. v. Studio 21, Ltd.*, 797 F.2d 538 (7th Cir. 1986).

ENTER this 24th day of July, 2008

                                            s/ DAVID G. BERNTHAL
                                            U.S. MAGISTRATE JUDGE