UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| WILLIE HALL, | ) | |
| | ) | |
| Plaintiff, | ) | 06-2225 |
| | ) | |
| v. | ) | |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| COMMISSIONER OF SOCIAL | ) | |
| SECURITY, | ) | |
| | ) | |
| Defendant. | ) | |

ORDER

The plaintiff, Willie Hall, commenced this case for judicial review of the defendant's denial of social security benefits. On February 21, 2008, United States Magistrate Judge David G. Bernthal issued his report and recommendation to grant the plaintiff's motion for summary judgment and remand the case to the Commissioner of Social Security. On March 19, 2008, the court accepted the report and recommendation and remanded the case for further proceedings.

On June 18, 2008, the plaintiff filed a motion for attorney fees under the Equal Access to Justice Act, 28 U.S.C. § 2412(d). The Commissioner filed a memorandum in opposition, and Judge Bernthal issued a report and recommendation to deny the motion, finding the government's position to be substantially justified. Judge Bernthal noted that it was clear from the record that the Court sided with the Commissioner's arguments as to some of the claims of error raised by Hall. Judge Bernthal also stated, "In siding with Plaintiff on the ultimate decision, the Court merely disagreed with the position taken by the Defendant. Reasonable minds may differ as to a given issue. This case serves as an example." R&R at 1-2; d/e 28.

The plaintiff has filed an objection to the report and recommendation. He argues that the ALJ violated longstanding Seventh Circuit law when he failed to pose an accurate and complete hypothetical question to the vocational expert, and for that reason the Commissioner's position cannot be substantially justified.

"The ALJ's decision is considered part of the Commissioner's pre-litigation conduct." *Cunningham v. Barnhart*, 440 F.3d 862, 863-64 (7th Cir. 2006). "Attorneys' fees may be awarded if . . . the Commissioner's pre-litigation conduct . . . lack[s] substantial justification." *Cunningham*, 440 F.3d at 863. Thus, the court must determine whether the Commissioner's defense of the ALJ's decision lacked substantial justification. The Commissioner's position is substantially justified if it could satisfy a reasonable person. *Pierce v. Underwood*, 487 U.S. 552, 565 (1988).

1

The court has reviewed Judge Bernthal's report and recommendation for remand. The plaintiff had asserted four grounds for remand, and three were determined to lack merit. The only basis for remand was the ALJ's failure to include in the hypothetical questioning the plaintiff's need to avoid topical and airborne irritants. For that reason, the question posed to the vocational expert was inadequate, and the case was remanded for further proceedings.

The plaintiff argues that "the ALJ violated longstanding Seventh Circuit law when he failed to pose an accurate and complete hypothetical question to a vocational expert," citing *Young v. Barnhart*, 362 F.3d 995, 1005 (7th Cir. 2004). This argument is a bit of a stretch. *Young* supports the proposition that the remedy for posing a flawed hypothetical question is a remand. It does not address the issue of attorney fees nor discuss substantial justification. Moreover, *Thompson v. Sullivan*, 980 F.2d 280, 283 (4th Cir. 1992) is not helpful to Hall. As the Fourth Circuit noted, the government had been repeatedly admonished against presenting the precise argument it presented in *Thompson*. "A policy of non-acquiescence cannot be 'substantially justified' in law." *Thompson*, 980 F.3d at 283.

In Hall's case, the issue goes to the adequacy of the hypothetical questioning. Reasonable minds may disagree on this issue. That the court ultimately ruled against the defendant on this issue does not mean that defendant's position lacked substantial justification.

## CONCLUSION

For the foregoing reasons, the report and recommendation [28] is accepted by the court. The plaintiff's motion for attorney fees [25] is denied.

Entered this 29th day of August, 2008.

**s/Harold A. Baker**
_____
HAROLD A. BAKER
UNITED STATES DISTRICT JUDGE